UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KEVIN HARDEN BEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00090-JMS-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Dismissing Action and Directing Entry of Final Judgment**

Petitioner Kevin Harden Bey seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. His petition for writ of habeas corpus is **denied.**

**I.**

In 2012, in the Eastern District of Texas, Harden Bey was convicted by a jury of conspiracy to possess with the intent to distribute 1,000 grams or more of marijuana, in violation of 21 U.S.C. § 846. Harden Bey was sentenced to 360 months' imprisonment. Harden Bey appealed and the Fifth Circuit affirmed Harden Bey's conviction and sentence. *See United States v. Romans*, 823 F.3d 299 (5th Cir. 2016). The Court of Appeals specifically held that Harden Bey received a sentence that was reasonable and at the bottom of the advisory Guidelines range. *Id.* at 314.

On February 21, 2017, Harden Bey filed a petition for writ of habeas corpus. He asserts that he is "a free white people, a follower of the Messiah in the laws of the Almighty Supreme Creator . . . I cannot walk in your statutes. . . ." Dkt. 1 at 2. He explains that he seeks a writ of habeas corpus because he is not a danger to himself or society and any further restraint of liberty

would be a crime against the people of Indiana. He seeks a writ directing the Sheriff of "Virgo County" to bring all evidence before the Court.[1] He seeks to expunge all records related to his personal identifiers.

On May 19, 2017, the Court ordered the United States to respond to Harden Bey's habeas petition. In response, the respondent argues that Harden Bey is not entitled to any relief in this action. Harden Bey moved to strike the response. The motion to strike was denied. Harden Bey failed to file a reply after being given an extended opportunity to do so.

## II.

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). However, § 2255(e) provides that if § 2255 is "inadequate or ineffective to test the legality of his detention," Harden Bey may file an application for a writ of habeas corpus under 28 U.S.C. § 2241. This is known as the "savings clause of § 2255 and it ... will permit a federal prisoner to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *Prevatte v. Merlak*, 865 F.3d 894, 897 (7th Cir. 2017) (internal quotations omitted); *see also Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

---

[1] There is no discernable connection between Harden Bey's conviction and sentence and the "Virgo County" Sheriff. Harden Bey is incarcerated at the Federal Correctional Complex in Terre Haute, Indiana. Terre Haute is in Vigo County. Harden Bey is not in the custody of the Vigo County Sheriff.

Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc) (*quoting In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). To properly invoke the Savings Clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem with section 2255." *Id.* "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman–Low*, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted).

The Court of Appeals for the Seventh Circuit has identified the three requirements to invoke the Savings Clause:

> In the wake of *Davenport*, we distilled that holding into a three-part test: a petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must establish: (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough . . . to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

*Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813 (2017). Harden Bey's claims do not fall under the savings clause because Harden Bey does not rely on a new law that could not have been raised in a motion pursuant to 28 U.S.C. § 2255 motion.

Nor has there been a miscarriage of justice. Any claim based on the theory that Harden Bey is immune from prosecution would be summarily rejected. In *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011), the Seventh Circuit stated:

> We have repeatedly rejected [co-defendants'] theories of individual sovereignty, immunity from prosecution, and their ilk. *See United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir.1993) (rejecting the "shop worn" argument that a defendant is a sovereign and is beyond the jurisdiction bounds of the district court); *United States v. Sloan*, 939 F.2d 499, 500–01 (7th Cir.1991); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir.1990) (describing defendant's proposed "sovereign citizen" defense as having "no conceivable validity in American law"); *United States v. Phillips*, 326 Fed. Appx. 400 (7th Cir. 2009) (dismissing jurisdiction arguments personal jurisdiction over defendants brought before them on federal indictments alleging violations of federal law). Regardless of an individual's claimed status of descent, be it as a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being," that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.

*Benabe*, 654 F.3d at 767. The laws of the United States apply to all persons within its borders and this includes Harden Bey. There no new law that contradicts this reality. *See Walker v. Werlich*, No. 16-2945, 2016 WL 9384216, at *1 (7th Cir. Nov. 10, 2016) (addressing similar claims and finding § 2255 was not inadequate).

Harden Bey has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is denied.

The dismissal of this action is with prejudice. *Prevatte,* 865 F.3d at 901 ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)."). Judgment consistent with this Entry shall now issue.

## III.

Accordingly, the petitioner's § 2241 petition is dismissed with prejudice pursuant to 28 U.S.C. § 2255(e). Final Judgment in accordance with this Entry shall issue.

**IT IS SO ORDERED.**

Date: 4/2/2018

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

KEVIN HARDEN BEY
#10210-028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE
breitz@usa.doj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov